UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-CV-22294-ALTMAN/REID

TERVIA FUMERO,

    Plaintiff,

v.

KILOLO KIJAKAZI,
Acting Commissioner of Social Security

    Defendant.
_____/

## REPORT AND RECOMMENDATION ON PLAINTIFF'S UNOPPOSED MOTION FOR FEES UNDER THE EQUAL ACCESS TO JUSTICE ACT

### I.    INTRODUCTION

This matter is before the Court upon Plaintiff's Unopposed Motion for Fees Under the Equal Access to Justice Act ("Motion"). [ECF No. 25]. This case has been referred to the Undersigned by United States District Judge Roy K. Altman for a Report and Recommendation. [ECF No. 26].

On November 22, 2021, the District Court granted Defendant's Motion for Entry of Judgment with Remand pursuant to Sentence Four of 42 U.S.C. § 405(g). [ECF No. 23]. Plaintiff now moves for an award of $6,312.29 pursuant to the Equal Access to Justice Act ("EAJA"). [ECF No. 25]. Defendant does not oppose the Motion.

## II. DISCUSSION

### A. Entitlement to Attorney's Fees

The EAJA provides that "a court shall award to a prevailing party other than the United States" reasonable attorney's fees and costs "incurred by that party in any civil action . . . against the United States," unless the United States' position was "substantially justified" or "special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). Under the EAJA, a party is entitled to an award of attorney's fees if: (1) the party prevailed in a non-tort suit involving the United States; (2) the Government's position was not substantially justified; (3) the party timely files an application for attorney fees; (4) the party had a net worth of less than $2 million when the complaint was filed; and (5) no special circumstances would make the award of fees unjust. 28 U.S.C. § 2412(d); *Delaney v. Berryhill*, No. 17-81332-CIV, 2018 WL 7820219, at *1 (S.D. Fla. Nov. 14, 2018).

A plaintiff in a social security appeal prevails if the court orders a sentence-four remand. *Shalala v. Schaefer*, 509 U.S. 292, 300–02 (1993); *Ochoa v. Comm'r of Soc. Sec.*, No. 19-80802-CIV, 2020 WL 4208042, at *2 (S.D. Fla. July 22, 2020). "An EAJA request is timely if made within 30 days of the final judgment, which, if no appeal is taken, is 90 days from the judgment's entry." *Delaney*, 2018 WL 7820219, at *1; *see Melkonyan v. Sullivan*, 501 U.S. 89, 96 (1991) ("The 30-day EAJA clock begins to run after the time to appeal that 'final judgment' has expired."). An EAJA motion must allege that the Commissioner's position was not substantially justified, which then shifts the burden to the Commissioner to show that it was. *See Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 160 (1990); *see also United States v. Jones*, 125 F.3d 1418, 1425 (11th Cir. 1997).

Plaintiff has met all five conditions entitling her to an EAJA award. First, Plaintiff was the prevailing party in this case because a sentence-four remand was ordered. [ECF Nos. 23; 24; 25]. Second, the Motion alleges that the Commissioner's position was not substantially justified, and the Commissioner failed to argue otherwise. [ECF No. 25 at 2–4]. Third, the Motion was timely filed. Fourth, the Motion alleges that Plaintiff's net worth at the time the Complaint was filed was less than $2 million. [*Id.* at 2]. Fifth, and finally, the Commissioner does not contend that this case presents a special circumstance, and the Undersigned finds none is apparent. Accordingly, the Undersigned concludes that all five conditions have been met in this case and that Plaintiff is entitled to an EAJA award of attorney's fees.

### B. Reasonableness of Attorney Fees Claimed

Next, attorney's fees requested under the EAJA must be reasonable and "shall be based upon prevailing market rates for the kind and quality of the services furnished, except that . . . attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor . . . justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A)(ii). The Eleventh Circuit employs "a two-step analysis for determining the appropriate hourly rate to be applied in calculating attorney's fees under the Act." *Meyer v. Sullivan*, 958 F.2d 1029, 1033 (11th Cir. 1992). The first step is to "determine the market rate for 'similar services [provided] by lawyers of reasonably comparable skills, experience, and reputation.'" *Meyer,* 958 F.2d at 1033 (quoting *Norman v. Housing Auth. of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988)). "The second step, which is needed only if the market rate is greater than [$125] per hour, is to determine whether the court should adjust the hourly fee

upward from [$125] to take into account [whether] an increase in the cost of living, or a special factor . . . justifies a higher fee."[1] *Id.* at 1033–34.

Here, Plaintiff is represented by attorney Juliette Stulra. Plaintiff seeks a total EAJA award of $6,312.29 in attorney's fees. [ECF No. 25 at 1]. Ms. Stulra worked 27.7 hours in 2021 and 1.3 hours in 2022 and charged an hourly rate of $217.54. [*Id.* at 6, 12]. Ms. Stulra has provided a timesheet which includes a detailed breakdown of the tasks she performed, the dates she performed them, and the time it took to perform them [*Id.* at 12]. Plaintiff asserts, and Defendant does not dispute, that the Consumer Price Index supports an upward adjustment of the attorney's fee rate to $217.54 per hour. [*Id.* at 6].

Given the unopposed nature of the Motion, the Undersigned finds the hours spent and the hourly rate to be reasonable. However, after reviewing the timesheet provided, the Court found five of the billing entries contained a few arithmetic errors totaling approximately $4.00. *See* [*Id.* at 12]. Accordingly, the Court has adjusted the total EAJA award from $6,312.29 to $6,308.66. Therefore, Plaintiff should recover a total attorney's fee award of **$6,308.66.**

### III.  RECOMMENDATION

Based on the foregoing, it is therefore **RECOMMENDED** that Plaintiff's Unopposed Motion for Fees Under the Equal Access to Justice Act be **GRANTED.** Plaintiff should be awarded a total of $6,308.66 in attorney's fees, to be paid to Plaintiff's counsel once the U.S. Department of the Treasury determines that Plaintiff owes no debt to the United States.

Within **fourteen (14) days** of being served with a copy of this Report and Recommendation, a party shall serve and file written objections to any of the above findings and recommendations as provided by the Local Rules for this District. 28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(b).

---

1. Congress increased the hourly rate from $75.00 per hour to $125.00. *See* 28 U.S.C. § 2412(d)(2)(A). The Undersigned has adjusted the two-step analysis to account for this change in hourly rate.

Failure to timely file objections will bar a *de novo* determination by the District Judge of anything in the recommendation and shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2021); *see also* 28 U.S.C. § 636(b)(1)(C); *Harrigan v. Metro Dade Police Dep't Station #4*, 977 F.3d 1185, 1191–92 (11th Cir. 2020).

**SIGNED** this 4th day of April 2022.

_____
LISETTE M. REID
UNITED STATES MAGISTRATE JUDGE

cc: United States District Judge Roy K. Altman; and

All Counsel of Record