UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-22294-CIV-ALTMAN/Reid

**TERVIA FUMERO**,

    *Plaintiff*,

*v.*

**COMMISSIONER OF SOCIAL
SOCIAL SECURITY**,

    *Defendant*.
_____/

## ORDER

The Plaintiff filed an Unopposed Petition for Attorney's Fees Pursuant to the Equal Access to Justice Act (the "Petition") [ECF No. 25], seeking an award of attorneys' fees of $6,312.29. The Court referred the Petition to Magistrate Judge Lisette M. Reid. *See* order Referring Motion [ECF No. 26]. Judge Reid issued a Report and Recommendation (the "R&R") [ECF No. 27], in which she suggested that the Petition be granted and that the Plaintiff be awarded fees in the amount of $6,308.66.[1] She also warned the parties as follows:

> Within **fourteen (14) days** of being served with a copy of this Report and Recommendation, a party shall serve and file written objections to any of the above findings and recommendations as provided by the Local Rules for this District. 28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(b). Failure to timely file objections will bar a *de novo* determination by the District Judge of anything in the recommendation and shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2021); *see also* 28 U.S.C. § 636(b)(1)(C); *Harrigan v. Metro Dade Police Dep't Station #4*, 977 F.3d 1185, 1191–92 (11th Cir. 2020).

---

[1] In the R&R, Magistrate Judge Reid "found [that] five of the billing entries contained a few arithmetic errors," which resulted in the slight reduction. R&R at 4.

*Id.* at 3–4. Despite this warning, the parties have not timely objected to Magistrate Judge Reid's R&R. *See generally* Docket.

When a magistrate judge's "disposition" has been properly objected to, district courts must review that disposition *de novo*. FED. R. CIV. P. 72(b)(3). But when no party has timely objected, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." FED. R. CIV. P. 72 advisory committee's notes (citation omitted). Although Rule 72 itself is silent on the standard of review, the Supreme Court has acknowledged that Congress' intent was to require *de novo* review only where objections have been properly filed—and not, as here, when neither party objects. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate [judge]'s factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."). In any event, the "[f]ailure to object to the magistrate [judge]'s factual findings after notice precludes a later attack on these findings." *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988) (citing *Nettles v. Wainwright*, 677 F.2d 404, 410 (5th Cir. 1982)).

Having reviewed the R&R, the record, and the applicable law, the Court can find no clear error on the face of the R&R. Accordingly, the Court hereby **ORDERS AND ADJUDGES** as follows:

1. The R&R [ECF No. 27] is **ACCEPTED and ADOPTED**.
2. The Plaintiff's Petition [ECF No. 25] is **GRANTED**. The Plaintiff shall be awarded attorney's fees in the amount of $6,308.66, for which sum execution shall now issue.
3. This case shall remain **CLOSED**. All other deadlines are **TERMINATED**, and all other pending motions are **DENIED** as moot.

**DONE AND ORDERED** in Miami, Florida this 25th day of April 2022.

_____
**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc:     counsel of record